IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUDOLFO HERNANDEZ-CRUZ,

        Petitioner,

    v.

TROY BOWSER,

        Respondent.

Case No. 2:17-cv-01784-JO

OPINION AND ORDER

        Rudolfo Hernandez-Cruz
        17313077
        Two Rivers Correctional Institution
        82911 Beach Access Road
        Umatilla, Oregon 97882-9419

                Petitioner, *Pro Se*

        Ellen F. Rosenblum, Attorney General
        Nicholas M. Kallstrom, Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

                Attorneys for Respondent

JONES, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Attempted Murder, Assault, and Unlawful Use of a Weapon. Because Petitioner failed to timely file this case, his Petition for Writ of Habeas Corpus (#2) is dismissed.

## BACKGROUND

Petitioner viciously attacked the female victim in this case two days after she ended their romantic relationship. He stabbed her in the neck, sliced her face, and tried to stab her in the chest. As a result of the attack, the victim lost the ability to fully turn her head and suffers from substantial scarring for the remainder of her life.

On January 9, 2009, the Washington County Grand Jury indicted Petitioner on one count of Attempted Murder, four counts of Assault in the First Degree, and five counts of Unlawful Use of a Weapon. Respondent's Exhibit 102. A jury subsequently convicted him of all charges, and the trial court sentenced him to 300 months in prison.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion. State v. Hernandez-Cruz, 240 Or. App. 563, 249 P.3d 166 (2011). Petitioner did not seek review from Oregon's Supreme Court.

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR Court denied relief on his claims. Respondent's Exhibit 125. The Oregon Court of Appeals affirmed

the lower court without opinion, and the Oregon Supreme Court denied review. *Cruz v. Nooth*, 276 Or. App. 918, 370 P.3d 565, *rev. denied*, 359 Or. 777, 381 P.3d 815 (2016).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on July 20, 2018. Respondent asks the Court to dismiss the action because Petitioner waited 1065 days to file it, placing it well outside the applicable one-year statute of limitations. Petitioner concedes that his case is untimely, but he asks the Court to excuse this procedural deficiency because he is entitled to equitable tolling because: (1) his transfer to another prison caused him to delay filing this case; and (2) he is actually innocent based upon his intoxication at the time of his crimes.

## DISCUSSION

A habeas corpus petitioner must generally file his federal challenge to his state convictions within one year of the time those convictions become final at the conclusion of his direct review. 28 U.S.C. § 2244(d)(1)(A). Where a petitioner has not done so, equitable tolling is available to toll the one-year statute of limitations. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In his Petition, Petitioner asserts that he is entitled to equitable tolling because he suffers from a language barrier and received less help preparing his filings after his transfer from

the Snake River Correctional Institution to the Two Rivers Correctional Institution. Even assuming his language barrier and prison transfer combined to present an extraordinary circumstance, the transfer did not occur until well after the limitation period had expired.[1]

Petitioner next claims that he is actually innocent of his crimes. A petitioner who fails to comply with the one-year filing deadline applicable to 28 U.S.C. § 2254 habeas corpus cases may overcome that default if he is able to show that he is actually innocent of his underlying criminal conduct. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In order to make a gateway showing of actual innocence, a petitioner must present "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial" which establishes that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

Petitioner directs the Court to the Declaration of Bart Reid submitted during Petitioner's PCR proceedings. Because the Declaration was not presented at Petitioner's trial, it is considered new evidence. *See Griffin v. Johnson*, 350 F.3d 950, 963 (9th Cir. 2003). Reid was a forensic scientist who stated that he calculated Petitioner's likely blood alcohol content was

---

[1] The direct appellate judgment issued on April 18, 2011. Petitioner signed his PCR Petition on October 22, 2012, thereby allowing 553 untolled days to accrue. Petitioner's prison transfer occurred on April 22, 2016, three and one-half years after he had already breached the federal limitation period by almost two-hundred days.

between .31 and .38, a range which would be consistent with intermittent loss of consciousness and would interfere with his ability to form intent. Respondent's Exhibit 117. However, Reid specifically stated that his estimation "was only as accurate as the information provided to me including petitioner's description of the amounts and types of alcohol he had consumed." *Id* at 5.

Reid did not base his BAC estimate upon an analysis of Petitioner's blood on the night in question. Instead, he utilized what Petitioner claimed to have consumed to come up with a probable range. Relying on Petitioner's questionable candor, as well as his recollection from a night in which he claimed to be severely intoxicated, would not lead jurors to necessarily adopt Reid's figures.

More importantly, even if Petitioner had been as inebriated as Reid theorized, Reid's Declaration does not establish or even allude to a lack of intent on Petitioner's part. It therefore fails to contradict the strong evidence of intent adduced at trial. Specifically, it was evident that Petitioner followed through on a threat he made two days earlier when the victim broke up with him. He ominously told her to "think well" about her decision, and that he "hated [her] smile." Trial Transcript, p. 40. Two days later, upon seeing the victim walking with another man (whom Petitioner did not know was the victim's cousin), Petitioner disfigured her face and tried to kill her. Respondent's Exhibit 121. The link between Petitioner's threats and his actions, separated by two days, suggests that he was perfectly aware of his actions. Certainly, the Court cannot

conclude that Reid's Declaration amounts to exculpatory scientific evidence so strong that, had the defense presented it at trial, no reasonable juror would have voted to convict Petitioner. Consequently, he is not entitled to equitable tolling and, thus, unable to excuse his untimely filing.

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is dismissed as untimely. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __13th__ day of November, 2018.

_____
Robert E. Jones
United States District Judge